IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-153-FL

| | | |
|---|---|---|
| KRISTIN D. CHAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMERICAN HONDA MOTOR CO., | ) | |
| INC.; HONDA R&D AMERICAS, INC.; | ) | |
| HONDA NORTH AMERICA, INC.; | ) | |
| HONDA MOTOR CO., LTD; HONDA | ) | |
| OF CANADA MANUFACTURING d/b/a | ) | |
| Honda Canada, Inc.; HONDA R&D CO., | ) | |
| LTD; DAICEL SAFETY SYSTEMS, | ) | |
| INC.; DAICEL PYROTECHNICS, LTD; | ) | |
| DAICEL SAFETY SYSTEMS | ) | |
| AMERICA, LLC; SPECIAL DEVICES, | ) | |
| INCORPORATED; DAICEL SAFETY | ) | |
| SYSTEMS AMERICA ARIZONA, INC.; | ) | |
| DAICEL SAFETY SYSTEMS AMERICA | ) | |
| HOLDINGS, INC.; DAICEL | ) | |
| CORPORATION; DAICEL SAFETY | ) | |
| TECHNOLOGIES AMERICA, INC.; | ) | |
| DAICEL SAFETY TUBE PROCESSING, | ) | |
| INC.; DAICEL AMERICA HOLDINGS, | ) | |
| INC.; TEAM CHEVROLET OF | ) | |
| SWANSBORO, INC.; LEJEUNE | ) | |
| MOTOR COMPANY; COX FAMILY | ) | |
| AUTOMOTIVE, INC.; SAMMY'S AUTO | ) | |
| SALES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion to remand to the General Court of Justice, Superior Court Division, Robeson County, North Carolina ("Robeson County Superior Court"), pursuant to 28 U.S.C. § 1447(c) (DE 12). The issues raised have been fully briefed, and

in this posture are ripe for ruling. For the reasons that follow, plaintiff's motion is granted, and the case is remanded to Robeson County Superior Court.

## BACKGROUND

This case concerns alleged liability of defendant manufacturers and sellers for failure to identify defects of an airbag deployed by plaintiff's automobile. Plaintiff purchased a 2008 Honda Accord (the "Accord") from defendant Cox Family Automotive on May 15, 2017. (See Compl. ¶¶ 29, 30; Bill of Sale (DE 13-8) at 2). At approximately 8:45 A.M. on May 17, 2017, plaintiff was traveling east in the Accord on NC-130 when she was involved in a traffic accident. (Compl. ¶ 32). Due to a defect in the driver side airbag, metal shards and shrapnel from the airbag cartridge exited through the airbag when it was deployed. (Id. ¶¶ 33, 34). The projectiles struck plaintiff in the arm, hand, and face, resulting in serious injury. (Id. ¶¶ 33, 35, 38).

Plaintiff initiated the instant action in Robeson County Superior Court on February 5, 2019, against numerous defendants. Defendants American Honda Motor Co., Inc. ("AHM"); Honda R&D Americas, Inc.; Honda North America, Inc.; Honda Motor Co. Ltd.; Honda of Canada Manufacturing d/b/a Honda Canada, Inc.; and Honda R&D Co., Ltd., (collectively "Honda Defendants") allegedly are responsible for manufacturing the Accord, including the airbag (also known as a component of the "supplemental restraint system"). Defendants Daicel Safety Systems Inc.; Daicel Pyrotechnics Ltd.; Daicel Safety Systems America, LLC; Special Devices, Incorporated; Daicel Safety Systems America Arizona, Inc.; Daicel Safety Systems America Holdings, Inc.; Daicel Corporation; Daicel Safety Technologies America, Inc.; Daicel Safety Tube Processing, Inc.; and Daicel America Holdings, Inc., (collectively "Daicel Defendants") allegedly manufactured and supplied parts of the airbag in the Accord. Finally, defendants Lejeune Motor

2

Company; Cox Family Automotive, Inc.; and Sammy's Auto Sales (collectively "Seller Defendants") allegedly advertised, marketed, promoted, leased, sold, maintained, inspected, serviced, and/or supplied the Accord.[1]

Plaintiff asserts claims for negligent and wanton conduct, as well as breach of express and implied warranties, against each defendant. Plaintiff asserts unfair and deceptive trade practices claims against the Honda Defendants and the Daicel Defendants. Defendant AHM was served summons and complaint, along with plaintiff's first interrogatories and first requests for production, by certified mail on February 25, 2019. After several months, defendant AHM served Seller Defendants with requests for admissions. Defendants Cox Family Automotive and Sammy's Auto Sales each admitted that they did not provide any express warranties to plaintiff regarding the airbag and did not have a reasonable opportunity to inspect the airbag. Similarly, defendant Lejeune Motor Company denied that it provided express warranties to plaintiff for the Accord and did not admit that it had a reasonable opportunity to inspect the airbag.

On August 15, 2019, defendant AHM removed the case to this court. Defendant AHM asserted in its notice of removal that plaintiff fraudulently joined Seller Defendants, thereby allowing the court to assume diversity jurisdiction. The notice of removal asserts that filing of the notice is timely under 28 U.S.C. § 1446(b)(3), and the supplemental cover sheet attached to the notice of removal indicates all defendants join in the removal. Two weeks later, plaintiff filed the instant motion to remand. Plaintiff argues that the court lacks diversity jurisdiction over this case,

---

[1] Defendant Team Chevrolet of Swansboro, Inc., also allegedly a seller defendant, has not been served in this action. While the case was pending in state court, plaintiff filed motion to substitute defendant Team Chevrolet of Swansboro with Stevenson Automotive Holding Company, LLC d/b/a Stevenson Chevrolet and Stevenson Automotive, Inc. d/b/a Stevenson Chevrolet. The state court never passed on the motion prior to removal, and Stevenson Chevrolet has not been served.

that removal of the action was not unanimous among all defendants, and that notice of removal was untimely.

## DISCUSSION

A.  Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

B.  Subject Matter Jurisdiction

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008). Generally, a defendant may remove a case from state court only if the federal district court has original jurisdiction over the removed action. See 28 U.S.C. § 1441(a); Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). Thus, an action is generally removable only if diversity jurisdiction or federal question jurisdiction exists on the face of the complaint. See 28 U.S.C. § 1441(b). Where plaintiff's complaint raises no federal questions, (see compl. ¶ 25), the court must determine if it has original jurisdiction based on diversity of citizenship.

4

To invoke diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different States. See 28 U.S.C. § 1332. A corporation is a citizen of the state in which it is incorporated and of the state in which it maintains its principal place of business. See id. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80–81 (2010). It is long settled that diversity of citizenship between the parties must be complete. See, e.g., Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998); Strawbridge v. Curtiss, 7 U.S. 267, 267–68 (1806); Slavchev v. Royal Caribbean Cruises, Ltd., 559 F.3d 251, 254–55 (4th Cir. 2009). Both plaintiff and the Seller Defendants are citizens of North Carolina, destroying complete diversity. (See Compl. ¶¶ 1, 22, 23, 24).

"[T]he fraudulent joinder doctrine provides that diversity jurisdiction is not automatically defeated by naming non-diverse defendants." Weidman v. Exxon Mobil Corp., 776 F.3d 214, 218 (4th Cir. 2015). The doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Johnson v. Am. Towers, LLC, 781 F.3d 693, 703–05 (4th Cir. 2015) (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir.1999)).

Invocation of the fraudulent joinder doctrine is appropriate only where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or . . . there has been outright fraud in the plaintiff's pleading of jurisdictional facts."[2] Marshall v. Manville Sales Corp., 6 F.3d 229, 232–33 (4th Cir. 1993) (emphasis in original) (internal citations omitted). "[U]ltimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies

---

[2] Defendant AHM argues only that plaintiff has no possibility of prevailing against Seller Defendants.

this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Hartley v. CSX Transp., Inc., 187 F.3d 422, 426 (4th Cir. 1999) (citing Marshall, 6 F.3d at 233).

"The party alleging fraudulent joinder bears a heavy burden-it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. at 424. "In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling & Testing Centers v. Grp. W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990) (quoting Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

The first step in defendant AHM's fraudulent joinder argument hinges on the assertion that plaintiff cannot maintain a negligence claim against Seller Defendants. To claim negligence in a products liability case, a plaintiff must allege "(1) evidence of care owed by the reasonably prudent person in similar circumstances; (2) breach of that standard of care; (3) injury caused directly or proximately by the breach, and (4) loss because of the injury." Holley v. Burroughs Wellcome Co., 318 N.C. 352, 355 (1986) (quoting City of Thomasville v. Lease-Afex, Inc., 300 N.C. 651, 656 (1980)). A supplier of chattel manufactured by another party "is subject to liability for bodily harm caused by the vendor's failure to exercise reasonable competence and care to supply the chattel in a condition safe for use." Wyatt v. N. Carolina Equip. Co., 253 N.C. 355, 360 (1960). Under this rule, a supplier breaches a duty to warn consumers of latent defects

> if the supplier (a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied; (b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so.

Stegall v. Catawba Oil Co. of N. C., 260 N.C. 459, 464 (1963) (quoting Wyatt, 253 N.C. at 360); see Corprew v. Geigy Chem. Corp., 271 N.C. 485, 491 (1967); Veach v. Bacon Am. Corp., 266 N.C. 542, 545–46 (1966).[3]

Among other things, the complaint alleges that each of the Seller Defendants failed to properly test, inspect, service, maintain, and provide adequate and appropriate warnings regarding the driver airbag inflator. (See Compl. ¶¶ 135, 154, 173). Moreover, in support of her motion to remand, plaintiff attaches a notice sent by defendant AHM in February 2017, three months before the incident in question, identifying the same dangerous condition in passenger airbag inflator and recalling that product for repair. (February 2017 Recall Letter (DE 13-7) at 2). Construing the record in plaintiff's favor, plaintiff possesses a "glimmer of hope" that Seller Defendants had a reasonable opportunity to discover the danger posed by the supplemental restraint system, should have known of the danger, and were negligent in failing to warn of a potential defect in other components of the supplemental restraint system. Hartley, 187 F.3d at 426.

Defendant AHM argues that no claim of negligence can lie against Seller Defendants, relying on one case from the North Carolina Court of Appeals. See Crews v. W.A. Brown & Son, Inc., 106 N.C. App. 324, 329 (1992). Crews does not differ from the North Carolina Supreme Court. The case explains that a supplier is under no affirmative duty to test for latent defects when it "acts as a mere conduit and has no knowledge or reason to know of a product's dangerous propensities." Id. (emphasis added) (quoting Sutton v. Major Prods. Co., 91 N.C. App. 610, 614

---

[3] The "sealed container" defense discussed by the parties in their briefs provides that no product liability action can lie against a seller who "was afforded no reasonable opportunity to inspect the product in such a manner that would have or should have, in the exercise of reasonable care, revealed the existence of the condition complained of." N.C. Gen. Stat. § 99B-2. For the same reasons that the court finds a negligence action could lie against Seller Defendants, plaintiff has shown some possibility that the "sealed container" defense does not apply in this case.

7

(1988)); see Ziglar v. E. I. Du Pont De Nemours & Co., 53 N.C. App. 147, 151 (1981). A negligence action in products liability cases remains a viable claim in North Carolina.

Defendant AHM also argues that Seller Defendants had no reason to know that the Accord's airbags could have ruptured in the manner that they did, and there was no reasonable opportunity to identify the defect in the airbag aside from deploying the airbag. (See, e.g., Cox Family Automotive Admissions (DE 1-7) at 3; Jongkind Decl. (DE 30-4) ¶¶ 11-14). Defendant AHM's argument against constructive knowledge is belied by the fact that it had recently recalled a similar component of 2007-2011 Honda Accords for presenting the same risk of injury. (See February 2017 Recall Letter (DE 13-7) at 2). Notwithstanding defendant AHM's discovery, plaintiff's allegations reveal a crucial dispute of fact going to Seller Defendants' liability for negligence: whether there was a reasonable opportunity to inspect the airbag for latent defects. (See Compl. ¶¶ 135, 154, 173).

Viewing all issues of fact and law in plaintiff's favor, plaintiff has demonstrated a "glimmer of hope" that Seller Defendants had both a reasonable opportunity to inspect the supplemental restraint system and should have known that the driver airbag inflator posed a risk of discharging shrapnel. See Hartley, 187 F.3d at 426 ("Ultimate success is not required to defeat removal."). Accordingly, the fraudulent joinder doctrine is inapplicable, and remand is required.[4]

C.  Costs and Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

---

[4] The court does not reach plaintiff's arguments that remand is required due to procedural defects in the notice of removal.

lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Ultimately, the strict standard of review under the fraudulent joinder doctrine forecloses diversity jurisdiction in the instant case. Nonetheless, defendant AHM presented reasonable arguments why the doctrine should be applied in the instant case, and similarly provided reasonable arguments why it did not procedurally default in filing its notice of removal. See In re Crescent City Estates, LLC, 588 F.3d 822, 830 (4th Cir. 2009) ("Erroneous removal might very well be the result of an honest but forgivable mistake of legal judgment."). Therefore, each side will bear their own costs.

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand (DE 12) is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Robeson County Superior Court for further proceedings. The court declines to award costs and fees. The clerk is DIRECTED to transmit to the Robeson County Superior Court a certified copy of this order of remand, and to file on the docket herein a notice of such transmittal.

SO ORDERED, this the 23rd day of October, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge